# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    Criminal Action No. 5:09-MJ-23

2005 MERCEDES VEHICLE,
VIN WDBUF26J65A799021,

    Defendant.


UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    Criminal Action No. 5:09-MJ-25

2008 TOYOTA VEHICLE,
VIN 5TBDV5816S513557,

    Defendant.


UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                                                    Criminal Action No. 5:09-MJ-31

1970 VOLKSWAGEN CP,
VIN 1402104053,

    Defendant.


UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                                                    Criminal Action No. 5:09-MJ-32

2008 MERCEDES VEHICLE,
VIN WDDGF81X18F175198,
    Defendant.

# MEMORANDUM OPINION AND ORDER
# DENYING DEFENDANTS' MOTIONS FOR RETURN OF PROPERTY

## I. Introduction

This matter comes before the Court on Defendants, Eric and Heidi Metz's, Motions for Return of Property filed on February 7, 2011.[1] The Court held an evidentiary hearing and argument on Defendants' Motions on February 24, 2011. The United States appeared by Michael D. Stein, Esq., in person. Defendant, Eric Metz, appeared *pro se*. No testimony was taken nor was any other evidence adduced.

A.  Background

Defendants, Eric Metz and Heidi Metz, are third parties asserting claims to property seized relative to the criminal case United States v. Metz, 5:09-CR-51. In that case, Eric Metz's mother, Bernie Metz, was charged with embezzlement of credit union funds by an employee and money-laundering, in violation of 21 U.S.C.. §§657 and 1957.[2]

Pursuant to 18 U.S.C. §982(a)(2)(A), upon obtaining a conviction with regard to bank fraud, the Government planned to seek the forfeiture of property obtained illegally as part of any sentence.[3] On January 4, 2010, Bernie Metz pleaded guilty to Counts One and Two of the Information, alleging that Defendant violated 18 U.S.C. §§657 and 1957, pursuant to a plea agreement in which Defendant Bernie Metz agreed to the forfeiture of certain property.[4] An Order by the District Court granted the Preliminary Order of Forfeiture, authorizing the United States Marshals to seize and retain the forfeited property and this Preliminary Order was to

---

[1] Dkt. Nos. 10 in 5:09-mj-23 5:09-mj-25, 5:09-mj-31, 5:09-mj-32.

[2] 5:09-CR-51, Dkt. No. 1.

[3] Id.

[4] 5:09-CR-51, Dkt. No. 13.

become permanent at Defendant Bernie Metz's sentencing.[5] The Preliminary Order, although amended several times, does not list the vehicles nor the monies in the Progressive bank account which are the subject of the present Motions.

On February 23, 2011, Bernie Metz was sentenced to 108 months for each count, to be served concurrently and five years supervised release for count one and three years supervised release for count two, to be served concurrently.[6] Defendant, Eric Metz, is Bernie Metz's adult son. Defendants, Eric Metz, and his wife, Heidi Metz, request the return of: the monies seized from their personal checking account at Progressive bank (Account No. 696323), a 2005 Mercedes vehicle, VIN WDBUF26J65A799021, bearing plate number 7DF 341, registered to Eric D. Metz, a 2008 Toyota vehicle, VIN 5TBDV58168S513557, bearing plate number NJL 761, registered to Eric D. Metz, a 1970 Volkswagen CP, VIN 1402104053, bearing plate number 5SM305, registered to Eric D. Metz, and a 2008 Mercedes vehicle, VIN WDDGF81X18F175198, bearing plate number 8SJ582, registered to Eric D. Metz.

B. The Motion

    1. Defendants' Letter Motions for Return of Property.[7]

C. Decision

Defendants' Motion for Return of Property is **DENIED** because the Government provided adequate notice of the pending forfeiture and Defendants failed to take timely action to assert an ownership interest.

---

[5] 5:09-CR-51, Dkt. No. 14.

[6] 5:09-CR-51, Dkt. No. 50.

[7] Dkt. No. 6 in 5:09-mj-28, Dkt. No. 10- 5:09-mj-23 5:09-mj-25, 5:09-mj-31, 5:09-mj-32

## II. FACTS

1. On February 7, 2011, Defendants filed Letter Motions for Return of Property.[8]

2. The United States filed its Response to Defendants' Motion for Return of Property on February 23, 2011.[9]

3. This Court set the evidentiary hearing and argument on Defendants' Motion on February 10, 2011.[10]

4. The evidentiary hearing and argument was held on February 24, 2011.

5. The Court entered an Order directing the government to submit a memorandum to the court, specifying whether the instant forfeiture is criminal, civil, or both.[11]

6. On March 21, 2011, the Government filed its Response to that Order, specifying the forfeiture proceeding was criminal in nature.[12]

## III. DEFENDANTS' MOTIONS FOR RETURN OF PROPERTY

A. Contentions of the Parties

Defendants argue their "personal vehicles were seized by the United States Federal Marshal Service related to criminal action case 5:09-cr-51." See Def.'s Mot., Pg. 1 (Dkt. 10). Defendants contend their personal vehicles were not included in the seizure agreement which was a part of the plea agreement entered into by Defendant, Eric Metz's mother. Defendants request the return of these vehicles.

---

[8] Dkt. No. 6 in 5:09-mj-28, Dkt. No. 10- 5:09-mj-23 5:09-mj-25, 5:09-mj-31, 5:09-mj-32.

[9] Dkt. No. 11.

[10] Dkt. No. 9.

[11] Dkt. No. 13.

[12] Dkt. No. 16.

In opposition, the Government argues Defendants "exclusive remedy for seeking to set aside a declaration of forfeiture" is found within 18 U.S.C. §983(e). See Pl.'s Resp., Pg. 1 (Dkt. 14). The Government argues proper notice of the forfeiture was provided to Defendants on September 18, 2009. Id.

B.     Discussion

Section 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e). A court's review of an administrative or nonjudicial forfeiture determination is "limited to determining whether the agency followed the proper procedural safeguards" in the forfeiture. See Scarabin v. Drug Enforcement Admin., 919 F.2d 337, 338 (5th Cir. 1990). Individuals whose property interests are at stake due to government actions are entitled to notice of the proceedings and an opportunity to be heard. See Dusenbery v. United States, 534 U.S. 161, 167-168 (2002). The notice necessary to satisfy due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005) (quoting Dusenbery, 534 U.S. at 170).

Here, the vehicles in question, namely: 1) 2005 Mercedes; 2) 2008 Toyota; 3) 1970 Volkswagen CP and 4) 2008 Mercedes, all were administratively forfeited by the Government pursuant to 18 U.S.C. § 983(a)(1)(A)(i)(I). The Court's review of this forfeiture is limited to determining whether proper procedures were followed to adequately inform Defendants that

their property was subject to forfeiture allegations and to provide Defendants with an opportunity to be heard. The Court finds Defendants were provided with adequate notice of the pending forfeiture. A "Declaration of Administrative Forfeiture" was delivered to Defendant, Eric Metz by the Federal Bureau of Investigation on September 18, 2009 and Defendants took no action to assert their ownership interests in the vehicles until February 7, 2011. Accordingly, the Court finds the Government's notice was reasonable, complied with statutory and due process requirements and Defendants failed to take timely action.

C. Decision

Defendants' Motion for Return of Property is **DENIED** because the Government provided adequate notice of the pending forfeiture and Defendants failed to take timely action to assert an ownership interest.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: August 8, 2011                    /s/ *James E. Seibert*
                                         JAMES E. SEIBERT
                                         UNITED STATES MAGISTRATE JUDGE